[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this motion for summary judgment there are undisputed facts as follows:
On February 10, 1988 and March 3, 1988, the defendants entered into contracts with the plaintiff, giving the plaintiff the exclusive right to sell certain real property in South Windsor. The plaintiff was to receive a fee of 4%. The property now known as 475 Buckland Road was part of the larger parcel of real property covered by the exclusive right to sell.
Subsequent to the signing of the exclusive right to sell, the defendants entered into a purchase and sale agreement with a buyer. Subsequent to the signing of the purchase and sale agreement and prior to the closing, a building was constructed on the property known as "475 Buckland Road". The cost of the building was $391,079.00, which amount was paid to the defendants by the purchaser.
The plaintiff claims that it is entitled to a commission on the $391,079.00, which was the amount paid for the building. The defendants claim that the plaintiff is entitled only to the purchase price of the undeveloped land without the building. In order to determine that issue, the court looks to the wording of the exclusive listing agreements and section; 20-325a
CT Page 9146 of the Connecticut General Statutes.
It is clear that the listing agreements mention nothing about the fact that if a building should be built on the property, plaintiff would be entitled to a commission on the sale of the building. It is also clear that there was no building on the property at the time when the parties signed the agreement. Section 20-325a, subsection (b) provides in pertinent part as follows:
 "To satisfy the requirements of this subsection any such contract or authorization shall . . . (4) contain the conditions of such contract or authorization. . ."
There was no condition written into the listing agreements which would indicate that the plaintiff should receive an extra commission in the event that the defendant decided to build a building on the undeveloped land. If such a condition had been contemplated, then the real estate agent had the burden of inserting such a condition into the listing agreements.
The defendants' motion for summary judgment is granted.
FRANCES ALLEN SENIOR JUDGE